IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD PRATER, #S02773, <br><br>                **Plaintiff,** <br><br>v. <br><br>LATOYA HUGHES, DAMON HYETT, and ILLINOIS DEPARTMENT OF CORRECTIONS, <br><br>                **Defendants.** | Case No. 25-cv-00664-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Edward Prater, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights and the Americans with Disabilities Act (ADA). Prater claims that while he was at Vienna Correctional Center he was denied medically needed assistive devices and accommodations. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff Prater's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Prater alleges that while he was at Vienna Correctional Center (Vienna), his medical needs were not accommodated. (Doc. 1, p. 4). Prater states that he was not provided a wheelchair and was forced to walk "very far distances, which caused [him] significant chronic serious pain." (*Id.*). Prater was also refused a shower chair and access to a single shower, as is required by the ADA. (*Id.*). Prater states that he fell more than once while taking a shower and now experiences "cluster headaches." (*Id.*). He asserts that "this neglect" he experienced at Vienna has caused permanent disfigurement. (*Id.*). Without a wheelchair, shower chair, or access to a single shower, he damaged his hip and lower back, and now he needs hip replacement surgery. (*Id.*).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** Eighth Amendment claim against Director Latoya Hughes, Warden Damon Hyett, and the Illinois Department of Corrections for deliberate indifference to a serious medical need by refusing to provide Prater a wheelchair, shower chair, and access to a single shower.
>
> **Count 2:** Rehabilitation Act (RA) claim against Director Latoya Hughes

> for denying Prater a wheelchair, shower chair, and access to a single shower while he was at Vienna Correctional Center.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Count 1

To plead an Eighth Amendment deliberate indifference claim, a plaintiff must allege: (1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). A medical condition is objectively serious if " 'a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson.' " *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)).

Prater has failed to state a claim against Director Latoya Hughes and Warden Damon Hyett in both their individual and official capacities, and so, Count 1 will be dismissed against these two Defendants. Although Prater does not name a diagnosis or identify a medical condition in his statement of claim, Prater has included enough details for the Court to plausibly infer he suffers from an objectively serious medical need.

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

According to the medical records attached to the Complaint, he suffers from osteoarthritis in his right hip, trochanteric bursitis, right-sided sciatica buttock pain, and a "deformity in the lower leg" caused by a gunshot wound to his right tibia in 2002, which has resulted in a "slight limp" and is believed to be a "component of his hip pain." (Doc. 1, p. 18, 22). He states that walking long distances causes severe pain and that without a mobility aid in the shower he repeatedly falls. (*Id.* at p. 4). However, while Prater has pled a serious medical need, his allegations against Hughes and Hyett are conclusory, and he fails to plead facts to show deliberate indifference on the part of either Defendant. Prater simply claims that Hughes and Hyett violated his Eighth Amendment right to be free from cruel and unusual punishment and ignored his serious medical needs by refusing to provide him with a wheelchair, shower chair and single shower. (Doc. 1, p. 4). He asserts that they acted with deliberate indifference because they knew he was in chronic and serious pain. (*Id.*). Prater does not describe any communication or interaction with Hughes or Hyett or how these upper-level officials were involved in his medical care. Hughes and Hyett cannot be held liable simply because they were in supervisory roles, as there is no respondeat superior liability under Section 1983. *See Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015). Because Prater does not provide enough information to demonstrate that Hughes and Hyett were involved in a constitutional deprivation, Count 1 is dismissed against them in their individual capacities for monetary damages.

Prater also states that he is suing Hughes and Hyett in their official capacities for his Eighth Amendment violation. As employees of the Illinois Department of Corrections, Director Hughes and Warden Hyett cannot be sued in their official capacities for

monetary damages under Section 1983 and any such claims are dismissed as barred under the Eleventh Amendment. *See Gerlach v. Rokita*, 95 F. 4th 493, 498-99 (7th Cir. 2024); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Count 1, therefore, is also dismissed against Hughes and Hyett to the extent it is brought against them in their official capacities.

Count 1 is also dismissed against the Illinois Department of Corrections. The Illinois Department of Corrections is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012).

**Count 2**

Although Prater identifies the ADA in the Complaint, he seeks only monetary damages. (*See* Doc. 1, pp. 4, 8). "Where an inmate seeks monetary damages, the Seventh Circuit has suggested replacing a prisoner's ADA claim with a parallel claim under the Rehabilitation Act, 29 U.S.C. § 701, given the uncertainty about the availability of damages under Title II and because the relief available is 'coextensive.'" *Burton v. Wexford Healthcare Sources,* No. 24-cv-701-DWD, 2024 WL 1620154, at * 7 (S.D. Ill. Apr. 15, 2024) (quoting *Jaros v. Ill. Dep't of Corr.*, 684 F. 3d 667, 671-72 (7th Cir. 2012)). Thus, because monetary damages are available under the Rehabilitation Act (RA), the Court will read the Complaint broadly and consider Prater's claim that he was denied reasonable accommodation for his physical disabilities under the RA, rather than the ADA.

To state a claim under the RA, a plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the state agency denied him access to a program, service, or activity or otherwise discriminated against him because of his disability."

*Wagoner v. Lemmon,* 778 F. 3d 586, 592 (7th Cir. 2015) (internal quotations and citations omitted).

Prater alleges that because of his various physical ailments he required the use of a wheelchair, shower chair, and single shower cell. Without these accommodations, he suffered pain and repeatedly fell in the shower, further injuring his hip and causing chronic headaches. These allegations are sufficient of Count 2 to proceed against Director Hughes, in her official capacity only. *Jaros,* 684 F.3d at 670 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131).

### MOTION FOR RECRUITMENT OF COUNSEL

Prater has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[3] In an attempt to find an attorney on his own, Prater states that he wrote to six attorneys asking for assistance but that they have declined to take his case because either they wanted "money up front," or they do not represent convicted prisoners. (*Id.* at p. 1). Prater provides a list of the names and addresses of the attorneys he contacted and a copy of the letter he sent to each attorney. The Court, however, cannot determine that Prater has made sufficient efforts to find a lawyer based on this limited information. Thus, Prater has failed to meet his threshold burden of demonstrating attempts to recruit counsel on his own, prior to seeking assistance from the Court.

The Court also finds that Prater is capable of representing himself, at least for now. Prater argues that he is unable to proceed pro se because he needs assistance obtaining

---

[3] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

copies of grievances that were filed at Vienna Correctional Center, and an attorney is needed to argue his case. This case, however, is in the very early stages. Defendant Hughes has not been served, and extensive argument and legal research are not required. *See Kadamovas v. Steven*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel… cannot be gauged."). Additionally, any grievances Prater filed related to his claims will be automatically produced through initial discovery. Prater has some high school education, and his pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Prater, therefore, appears competent to try this matter without representation at this juncture. Once discovery on has commenced, if Prater has significant difficulty, he may refile his motion. Should Prater choose to move for recruitment of counsel at a later date, the Court directs Prater to include additional information about his efforts, such as when he contacted each firm, and also include supporting documentation, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** is **DISMISSED**. **COUNT 2** shall proceed against Director Latoya Hughes in her official capacity. Because there are no surviving claims against Warden Hyett and the Illinois Department of Corrections, the Clerk of Court is **DIRECTED** to terminate them as defendants.

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

The supplement to the Complaint, which includes supporting case law, is **STRICKEN**. (Doc. 7). The Court does not accept piecemeal amendments and supplements to a complaint.

The Clerk of Court shall prepare for **Latoya Hughes** (official capacity only) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Prater. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Prater, the employer shall furnish the Clerk with Defendants' current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit addresses medical claims, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Pursuant to Administrative Order No. 244, Defendant needs only to respond to

**the issues stated in this Merit Review Order.**

If judgment is rendered against Prater, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Prater is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   October 15, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.