## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD PRATER,        )
       )
    Plaintiff,        )
       )
v.        )     Case No. 3:25-cv-00664-RJD
       )
LATOYA HUGHES,        )
       )
    Defendant.        )

### MEMORANDUM and ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff Edward Prater's Motion for Preliminary Injunction (Doc. 29), Motion for Recruitment of Counsel (Doc. 34), and Motion for Leave to File First Amended Complaint (Doc. 35). For the reasons explained below, Prater's motion for leave to amend the complaint is **GRANTED**, and the remaining motions are **DENIED**.

### Background

Plaintiff Edward Prater is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"). (Doc. 1 & 19). He brought this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights and the Americans with Disabilities Act ("ADA") against Defendants Latoya Hughes, the Warden of Vienna Correctional Center ("Vienna"), Damon Hyett, and the Illinois Department of Corrections, for being denied medically needed assistive devices and accommodations while at

---

[1] This case has been assigned to the undersigned upon the parties' full consent pursuant to 28 U.S.C. § 636 (c) and Federal Rule of Civil Procedure 73. (Doc. 26).

Vienna. (*Id.*). He sought monetary damages. (*Id.*).

At the threshold review of the Complaint under 28 U.S.C. § 1915A, the Court designated the following two Counts:

**Count 1:** Eighth Amendment claim against Director Latoya Hughes, Warden Damon Hyett, and the Illinois Department of Corrections for deliberate indifference to a serious medical need by refusing to provide Prater a wheelchair, shower chair, and access to a single shower; and

**Count 2:** Rehabilitation Act ("RA") claim against Director Latoya Hughes for denying Prater a wheelchair, shower chair, and access to a single shower while he was at Vienna Correctional Center.

(Doc. 19, pp. 1-2). The Court allowed Plaintiff to proceed on Count 2 only against Director Hughes in her official capacity. (Doc. 19, p. 7). The Court dismissed Count 1 in its entirety because Prater had failed to show that Warden Hyett or Latoya Hughes were aware of his medical conditions or were personally involved in the alleged constitutional violation. The Illinois Department of Corrections was likewise dismissed because it is not a "person" subject to suit for money damages under Section 1983. (*Id.* citing *Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012)).

Thereafter, Prater filed a Motion for Preliminary Injunction (Doc. 29), which Defendant opposed (Doc. 32). Prater also moved for the recruitment of counsel (Doc. 34) and to amend the complaint to cure the defects identified at the threshold review (Doc. 35). Defendant objected to the amendment of the complaint (Doc. 36), and Prater replied (Doc. 37). The Court will first address Prater's motion to amend the complaint and then turn to the other motions.

**1. Motion for Leave to File First Amended Complaint (Doc. 35)**

In his proposed amended complaint, Plaintiff attempts to reassert the previously dismissed Eighth Amendment claim of deliberate indifference to serious medical need against Warden Hyett in his individual capacity. He also attempts to add an unidentified doctor at Vienna as a defendant to that claim. Specifically, Prater alleges that he has been diagnosed with osteoarthritis in his right hip, Trochanteric bursitis, right-sided sciatica, buttock pain, and a deformity in the lower leg due

Page 2 of 12

to a gunshot wound, for which he needs mobility assistive devices. (Doc. 35-1, p. 2). He avers that during his intake process at Vienna, Prater asked an unidentified doctor ("John Doe") for a wheelchair to help with long-distance traveling. John Doe denied Prater's request. (*Id.*). During his time at Vienna, John Doe also denied Prater's requests for access to ADA-equipped showers with grab bars, a shower chair, and a wheelchair-accessible shower. (*Id.* at 3). As a result, Prater suffered repeated falls and head injuries, which in turn caused him chronic headaches. (*Id.*). The falls further caused Prater to suffer damage to a disk in his lower back and hip injury that requires hip replacement surgery. (*Id.*). Prater alleges that he filed a grievance but never heard back from the facility. (*Id.*).

Prater further alleges that he was denied single showers in violation of IDOC's ADA policies. (*Id.*). He states that he was forced to walk long distances to chow, which caused him severe pain in his legs and complicated his injuries. (*Id.*). Plaintiff had to choose between being in pain and staying hungry. (*Id.*). He alleges that he filed a grievance regarding this issue, but the facility again failed to respond. (*Id.*).

Prater contends that he wrote numerous requests to Warden Hyett asking him to enforce the ADA policies and "to get the [John Doe] to actually help" him to no avail. When Prater was thereafter placed in segregation, he spoke to Warden Hyett about his requests for sick calls being ignored and his grievances going unanswered. He further informed Warden Hyett that he was not being provided access to the mobile grievance box while in segregation. (*Id.*).

Prater further alleges that on January 17, 2025, he fell while in segregation. He hit his head and partially lost consciousness. (*Id.* at 4). He was taken to the infirmary, where John Doe denied him any treatment and released him back to segregation. (*Id.*). Thereafter, Prater spoke again to Warden Hyett while in segregation and repeated his complaints, at which time Warden Hyett told Prater that "he didn't care and that [Prater] wasn't going to be their problem anymore." (*Id.*).

Prater alleges that he suffered daily pain and that he was effectively denied access to chow,

school, recreation, and the chapel because he did not have the mobility devices. He seeks only monetary damages. (*Id.*).

## Legal Standard

Under Rule 15, a party may amend its pleadings after a responsive pleading has been served "only by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002). While leave to amend should be given liberally, in their sound discretion, courts may deny a proposed amendment if the moving party has unduly delayed filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Bethany Pharm. Co. v. QVC Inc.,* 241 F.3d 854, 861 (7th Cir. 2001). Further, under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

### a. Compliance with Local Rule 15.1

Under Local Rule 15.1, "[a]ll new or amended material in a proposed amended pleading must be underlined or submitted in redlined form." Defendant points out that Prater has not complied with the Rule 15.1 requirement. Prater does not dispute his failure to comply but argues that the entire proposed amended complaint is new. The Court agrees with Defendant that Prater has failed to comply with local rules. Further, even if the proposed amended complaint contained only new allegations, which it does not, Prater was still required to comply with Local Rule 15.1.

Nonetheless, here, the proposed amended complaint is relatively short and straightforward. Exercising its discretion and in the interest of judicial economy, the Court will excuse Prater's failure to comply with Local Rule 15.1 and proceed with a threshold review.

Page 4 of 12

b.  *Threshold Review*

Based on the allegations of the proposed amended complaint, the Court finds it convenient to designate the following Counts:

Count 1:    Eighth Amendment claim against Latoya Hughes in her individual and official capacity, Warden Damon Hyett in his individual capacity, and John Doe for deliberate indifference to a serious medical need by refusing to provide Prater a wheelchair, shower chair, and access to a single shower;

Count 2:    Rehabilitation Act ("RA") claim against Director Latoya Hughes for denying Prater a wheelchair, shower chair, and access to a single shower while he was at Vienna Correctional Center; and

Count 3:    Eighth Amendment claim against Latoya Hughes in her individual and official capacity, Warden Damon Hyett in his individual capacity, and John Doe for deliberate indifference to a serious medical need by refusing treatment to Prater after his January 17, 2025, fall that left him semiconscious.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the proposed amended complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

**Count 1**

To plead an Eighth Amendment deliberate indifference claim, a plaintiff must allege: (1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). A medical condition is objectively serious if "'a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson.'" *Lockett v. Bonson*, 937 F.3d 1016, 1022-23 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)).

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Prater adequately states a deliberate indifference claim against Warden Damon Hyett, in his individual capacity, and John Doe 1. He alleges that he has been diagnosed with osteoarthritis in his right hip, trochanteric bursitis, right-sided sciatica, buttock pain, and a "deformity in the lower leg" caused by a gunshot wound, for which he needs mobility assistive devices. (Doc. 35-1, p. 2). He further states that walking long distances caused severe pain and that without a mobility aid in the shower, he suffered repeated falls. (*Id.* at p. 4). Accordingly, he adequately pleads an objectively serious medical need regarding his mobility issues.

Prater also adequately pleads the subjective component of the deliberate indifference claim against John Doe and Hyett. He claims that he advised John Doe during the intake process of his need for a wheelchair to assist him with long-distance traveling, but John Doe denied Prater's request. He further alleges that during his time at Vienna, he made several requests to John Doe for access to ADA-equipped showers with grab bars, a shower chair, and a wheelchair-accessible shower, which were also denied. (*Id.* at 3). While Prater does not explicitly state that, during those interactions, he advised John Doe of his diagnosed mobility issues, John Doe's knowledge can be inferred from Prater's requests for assistive travel devices and ADA accommodation, coupled with John Doe's role as the medical provider at Vienna. Further, Prater has sufficiently alleged that John Doe was deliberately indifferent to Prater's serious medical needs by denying those requests. Accordingly, Prater adequately pleads an Eighth Amendment deliberate indifference claim against John Doe in Count 1.

Likewise, the proposed amended complaint contains sufficient allegations from which to infer Warden Hyett's deliberate indifference to Prater's serious medical needs. Prater contends that he wrote numerous requests to Hyett asking him to enforce the ADA policies and "to get the [John Doe] to actually help" him, to no avail. When Prater was thereafter placed in segregation, he spoke to Hyett about his requests for sick calls being ignored and his grievances going unanswered. This suffices to assert a claim for deliberate indifference against Warden Hyett for

refusing to provide Prater a wheelchair, shower chair, and access to a single shower.

However, Prater has failed to state a claim against Director Latoya Hughes in her official or individual capacity as to Count 1. As an employee of the Illinois Department of Corrections, Director Hughes cannot be sued in her official capacity for monetary damages under Section 1983, and any such claim is dismissed as barred under the Eleventh Amendment. *See Gerlach v. Rokita*, 95 F. 4th 493, 498-99 (7th Cir. 2024); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Prater has not included a request for injunctive relief in his proposed amended complaint. Accordingly, Count 1 against Latoya Hughes in her official capacity is **DISMISSED**. Further, Hughes cannot be held liable in her individual capacity simply because of her supervisory role, and Prater does not describe any communication or interaction with Hughes or explain how this upper-level official was personally involved in his medical care. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Accordingly, Count 1 against Latoya Hughes in her individual capacity is also **DISMISSED**.

Accordingly, Prater may proceed in Count 1 against Warden Hyett in his individual capacity and John Doe.

**Count 2**

The proposed amended complaint contains the same allegations that Prater had originally raised with respect to Count 2. Prater states that his rights under the ADA and RA were violated. Because he seeks only monetary damages, the Court will consider Prater's claim that he was denied a reasonable accommodation for his physical disabilities under the RA, rather than the ADA. *See Burton v. Wexford Healthcare Sources,* No. 24-cv-701-DWD, 2024 WL 1620154, at * 7 (S.D. Ill. Apr. 15, 2024) (quoting *Jaros v. Ill. Dep't of Corr.,* 684 F. 3d 667, 671-72 (7th Cir. 2012)) ("Where an inmate seeks monetary damages, the Seventh Circuit has suggested replacing a prisoner's ADA claim with a parallel claim under the Rehabilitation Act, 29 U.S.C. § 701, given the uncertainty about the availability of damages under Title II and because the relief available is 'coextensive.'").

To state a claim under the RA, a plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the state agency denied him access to a program or activity because of his disability." *Wagoner v. Lemmon,* 778 F. 3d 586, 592 (7th Cir. 2015) (internal quotations and citations omitted). Prater alleges that because of his various physical ailments, he required the use of a wheelchair, shower chair, and single shower cell. Without these accommodations, he suffered pain and repeatedly fell in the shower, further injuring his hip and causing chronic headaches. These allegations are sufficient for Count 2 to proceed against Director Hughes, in her official capacity only. *Jaros,* 684 F.3d at 670 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131).

**Count 3**

Prater also adequately pleads an Eighth Amendment claim against John Doe and Warden Hyett Prater for being deliberately indifferent to Prater's serious medical need by refusing him treatment after his fall on January 17, 2025. Prater alleges that as a result of his fall, he hit his head, was left semiconscious, and was transferred to the infirmary. He also alleges that his repeated falls and head injuries caused him chronic headaches. This is sufficient to allege an objectively serious medical condition.

Further, there are sufficient allegations from which to infer John Doe's deliberate indifference to Prater's serious medical need: Prater alleges that following his fall, he was transferred to the infirmary, where John Doe was notified but refused to provide him treatment and released Prater back to the segregation unit.

However, Prater has not alleged that Warden Hyett was aware of Prater's serious medical need after his fall on January 17, 2025. The proposed amended complaint states that Prater spoke to Hyett again after his fall and "made the same complaints," at which time Hyett told Plaintiff that "he didn't care and that [Prater] wasn't going to be their problem anymore." (*Id.*). While this supports Hyett's knowledge of Prater's serious mobility issues, it is insufficient to demonstrate Hyett's knowledge of Prater's head injury after his fall on January 17, 2025. Accordingly, Count

Page 8 of 12

3 against Hyett is **DISMISSED**.

Moreover, Prater has failed to state a claim against Director Latoya Hughes in her official or individual capacity as to Count 3. As stated above, the proposed amended complaint does not include a request for injunctive relief, and the Eleventh Amendment bars a suit under Section 1983 against Hughes in her official capacity for monetary damages. *See Gerlach*, 95 F. 4th at 498-99; *Will*, 491 U.S. at 71. Further, Hughes cannot be held liable in her individual capacity simply because of her supervisory role, and Prater does not describe any communication or interaction with Hughes or explain how this upper-level official was personally involved in his medical care. *See Perez*, 792 F.3d at 781. Accordingly, Count 3 against Latoya Hughes in her individual and official capacity is **DISMISSED**.

Accordingly, Prater may proceed in Count 3 against Defendant John Doe only.

**2. Motion for Preliminary Injunction (Doc. 29)**

Before moving to amend the complaint, Prater filed a motion seeking injunctive relief in the form of an order directing his current facility to schedule an appointment with a specialist for his hip and back injury and to authorize a hip surgery that has already been approved. To seek a preliminary injunction, a plaintiff must establish a likelihood of success on the merits of his claim, no adequate remedy at law, and irreparable harm without the injunctive relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). The requested injunctive relief must also be related to issues in the underlying lawsuit. *See e.g., Tatum v. Hunter,* Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Here, as Defendant Hughes correctly points out, Prater's request for injunctive relief is not aligned with the claims and the type of relief that he requests either in his original complaint or in

the proposed amended complaint. In his motion for preliminary injunction, Plaintiff states that his current facility denies him treatment for the hip and back damage that he suffered following the multiple falls at Vienna and has failed to authorize an approved hip replacement surgery. However, Prater has not alleged an Eighth Amendment deliberate indifference claim against either Vienna or Big Muddy for failure to treat his hip and back injury. Rather, Prater's Eighth Amendment deliberate indifference to serious medical needs claim arises from the denial of mobility assistive devices and the refusal to treat his head injury after a fall on January 17, 2025. These claims are distinct from Plaintiff's claim for failure to treat his hip and back injury. While Prater stated in the proposed amended complaint that the denial of the mobility devices and accommodations caused him to fall, damage his hip and lower back, and that he will need hip replacement surgery, he did not include sufficient allegations from which to infer that he was denied treatment for those injuries. Further, the Warden of Big Muddy, who would be the appropriate defendant to effectuate an order for injunctive relief in such a claim, is not a party in this action.

Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 29) is **DENIED**.

### 3. Motion for Recruitment of Counsel (Doc. 34)

Prater has filed a second motion seeking recruitment of counsel. While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

As with his initial motion for recruitment of counsel, Prater attempts to show his efforts to obtain counsel on his own by providing a list of the names and addresses of the attorneys he contacted and a copy of the letter he sent to each attorney. The Court previously explained that this information is insufficient to determine that Prater has made adequate efforts to find a lawyer. Even assuming Prater has adequately demonstrated his attempts to obtain counsel on his own, he has still not shown that the complexity of the case exceeds his ability to prosecute it pro se.

Plaintiff avers that retaining counsel is necessary because he lacks legal knowledge. However, this is not unique to Plaintiff and does not warrant the recruitment of counsel at this juncture. At this stage, John Doe will need to be identified and served with the amended complaint. Defendant Hyett has not yet been served. No extensive argument and legal research are required. *See Kadamovas v. Steven*, 706 F.3d 843, 846 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). Plaintiff alleges that he needs the assistance of counsel to collect the evidence necessary to prove his case. But until the parties enter their appearances and the issue of exhaustion of administrative remedies has been resolved, discovery on the merits will be stayed. Further, Defendants are required to produce to Prater his grievance and medical records regarding this case with their initial disclosures.

Plaintiff claims that he has mental health issues that inhibit his ability to focus. However, review of his filing thus far demonstrates an ability to construct coherent sentences and relay information to the Court. He has filed an original complaint and an amended complaint, both of which survived preliminary review. Prater, therefore, appears competent to try this matter without representation. Once discovery on the merits has commenced, if Prater has significant difficulty, he may refile his motion. Should Prater choose to move for recruitment of counsel at a later date, he shall include additional information about his efforts, such as when he contacted each firm, and also include supporting documentation, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

Accordingly, Prater's Motion for Recruitment of Counsel (Doc. 35) is **DENIED without prejudice**.

### Disposition

Prater's Motion for Leave to File First Amended Complaint (Doc. 35) is **GRANTED**. The proposed amended complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against Warden Hyett and John Doe. **COUNT 2** shall proceed against Director Latoya Hughes in her official capacity. **COUNT 3** shall proceed against John Doe.

The Clerk of Court is **DIRECTED** to file the proposed amended complaint (Doc. 35-1) on the docket as Plaintiff's Amended Complaint. The Clerk of Court is further **DIRECTED** to **ADD** to this lawsuit the current Warden of Vienna in his official capacity to assist with identifying John Doe. The Clerk is **DIRECTED** to serve Damon Hyett and the current Warden of Vienna in his official capacity. Plaintiff is **DIRECTED** to file a notice within 21 days giving any descriptive information he has about John Doe.

The Motion for Recruitment of Counsel (Doc. 34) is **DENIED without prejudice,** and the Motion for Preliminary Injunction (Doc. 28) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 24, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**